HITHCOCK Ex'or. *versus* SMITH.

1. Under the statute of distributions, of this State, the descendants of brothers and sisters, as to all other kindred, occupy the situation of their respective parents.
2. So, the children of a deceased brother, or sister, of the whole blood, are to be preferred to brothers and sisters of the half blood.

This case was brought up from the Orphan's court of Mobile, by writ of error; and the only question referred to the determination of this court, was, as to the right of the brothers and sisters of the half blood, or of nephews and nieces of the whole blood, to take the estate under our statute of distribution.—The Orphans' court decided that brothers and sisters of the half blood were to be preferred; which was the cause assigned for the reversal of the decree.

*Hitchcock*, for plaintiff—*Gordon* and *Goldthwaite*, contra.

TAYLOR, J.—The question presented by this record is, whether, under our statute of distributions, the brothers and sisters of the half blood, or the nephews and nieces of the whole blood, are to be preferred.

The statute is, as follows:—"When any person shall die siezed of any estate or inheritance, in lands, tenements, or hereditaments, not devised, the same shall descend to his or her children, and their descendants, in equal parts; the descendants of the deceased child or grand child to take the share of their deceased parent, in equal parts among them; and

when there shall be no children of the intestate, nor descendants of such children, then to the brothers and sisters of the intestate, and their descendants, in equal parts; the descendants of a brother or sister of the intestate to have, in equal parts among them, their deceased parent's share; and where there shall be no children, or descendants of them, or any of them, then to the father, if he be living, if not, to the mother of the intestate; and if there be no children of the intestate, or descendants of such children, and no brothers or sisters, or descendants, of them, nor father, or mother, then such estate shall descend in equal parts to the next of kin of the intestate, in equal degree, computing by the rules of the civil law; and there shall be no representation among collaterals, except with the descendants of the brothers and sisters of the intestate; *and there shall in no case be a distinction between the kindred of the whole and half blood, except the kindred of the whole blood in equal degree, shall be preferred to the kindred of the half blood in the same degree.*"

It would be improper, in this case, to enter upon a discussion and decision of the questions which may hereafter arise under the statute, with regard to who shall take *per capita*, and who *per stirpes*. Although the argument of the counsel for the defendant in error has embraced this subject, we do not deem its consideration necessary to the determination of the point before us. There is a clear distinction maintained in the books, with regard to the place which descendants of preferred kindred, among whom the law recognizes the right of representation, shall occupy, as respects other kindred, and as respects each other. By the common and civil law, in those lines

of relationship, in which the *jus representationes* is recognized, different degrees of kindred are acknowledged, as to each other, while the descendant, down to the remotest generation, stands in the same degree with his ancestor, as to the person who last died siezed. Thus the great nephew, who is in the third degree, is viewed as occupying the same degree of kindred with his grandfather, and is preferred to the uncle, who is in the second. By being in the same degree with their ancestor, is simply meant, that they will be preferred to all other lines, though persons in them may actually be nearer of kindred than they are. If the *jus representationes* were expunged from our rule of descents, and estates distributed among those actually next of kin to the person last siezed, it would produce a great change in our law. The father would take with the children, and in preference to the grand-children; the uncle with the nephew, &c. By the civil law the *jus representationes*, is not acknowledged among collaterals, further than in the *children* of brothers and sisters, but our law extends it to all their descendants. By the civil law, therefore, if there were no descendants of the person last siezed, nor brothers or sisters, nor *children* of brothers or sisters, the estate would descend to the next of kin, literally. That is, the right of those nearest in degree, would be acknowledged in preference to the more remote descendants of the nearer kinsman. For instance, the nephews and nieces would entirely exclude the great nephews and great nieces; and the uncles and aunts would exclude them also. But by the common law it is different. That, requires that every preferred line shall be exhausted, before another shall be resorted to. For example,

as the brothers and sisters are preferred to the uncles' and aunts, the latter shall not take, so long as one descendant of the former can be found, to the remotest generation.   Thus, if there be a great-nephew, he shall take in preference to the uncle; although, by the common rule of computation, the uncle is nearest of kin, in degree.   And this arises from the legal fiction, which places the descendant, by the *jus representationis* in the same degree of kindred with the parent.

Blackstone, in his Commentaries, (vol. 2, p 223,) says, "a sixth rule, or canon, is, that the collateral heir of the person last seized, must be his next collateral kinsman, of the whole blood."·   Apart from the right of representation, this is not true—for, we have seen, that the great-nephew will inherit before the uncle; therefore, the commentator proceeds, in his next sentence, to say, "he must be his next collateral kinsman, either personally or *jure represcntationis*"—thereby plainly showing, that if he comes in by right of representation, the law views him as next of kin, no matter how many there may be nearer than him, in fact.   Again, the same author says, (page 225,) " the issue or descendants of John Stiles' brother, are, all of them, in the first degree of kindred, with respect to inheritances; those of his uncle, in the second; and those of his great-uncle, in the third, as their respective ancestors, if living, would have been; and are severally called to the succession, in right of such their representative proximity."

In *Cooper's Justinian*, (page 400, it is said, "we have so far allowed the right of representation to brothers and sisters' children, that being only in the third degree, they are called to inherit with those

who are in the second; and this is evident, because brother's and sister's children are preferred to the uncles and aunts of the deceased, although they are are all in the same degree of cognation."

The argument that it is by positive provision of the civil law that brother's and sister's children are preferred to uncles and aunts, and that this excludes the idea of their coming in by the right of representation, has no weight in it, because the object is, not to show that the descendants of a brother, &c, are entitled by implication, but that when the express provision declares they shall take, they take as their ancestor would have done.    Our statute directly recognizes the right of the descendants of brothers and sisters, to inherit in preference to those of kin, more remote than brothers and sisters, but nearer than those descendants.

It appears then, that by our law, the descendants of brothers and sisters, as to all other kindred, occupy precisely the situation which their parents did; and, of course, in this case, the children of the deceased brother of the whole blood, are preferred to the brothers and sisters of the half blood.

The authorities cited by the counsel for the defendant in error, it is believed, do not conflict with this opinion.    Those were cases in which the courts were determining what portions the descendants of the same ancestor, in different degrees, were entitled to; for instance, whether, if there were no brother living, the descendants of the deceased brothers took *per capita* or *per stirpes*, or if the inheri-

tance were given by law to the brothers and sisters, or their children, and the mother; what part the mother took, when there was no brother and sister. but nephews and nieces. In their opinions in those cases, the courts speak of the different degrees of kindred between the person last seized. and descendants of the brothers and sisters, as they are nearer or more remote, without regard to the fictitious rule which, as to others, places them all in the same degree with the parent represented: but the *jus representationes*, did not bear upon those cases, and they might do so in perfect consistence with a recognition of the rule.

The judgment is reversed, and the cause remanded, that the county court may proceed to order the distribution in accordance with this opinion.